# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-CV-026

| | |
|---|---|
| UBS BANK USA, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>ERIC NORWOOD, )<br>)<br>Defendant. )<br>_____) | ORDER |

**THIS MATTER** is before the court Plaintiff's Motion for Default Judgment. Having reviewed the motion and the pleadings, the Court issues the following findings and Order.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action against Defendant by complaint filed on January 15, 2013 seeking damages for the unpaid balance on Defendant's Visa Signature credit card account (#1), and a summons was issued the following day. Defendant was timely served with a copy of the complaint and summons by certified mail on January 21, 2013. To date, no answer or response has been filed by or on behalf of Defendant, who is not a minor, not incompetent, and not a person in military service.

On February 15, 2013, Plaintiff filed a Motion for Entry of Default (#4). The attached certificate of service indicates that Defendant was served with the motion by first-class mail postage prepaid. The Clerk of Court granted the Entry of Default on March 6, 2013 (#7).

## II. DISCUSSION

Rule 55 "authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules, United States v. Moradi, 673 F.2d 725, 727 (4th

Cir. 1982) (internal quotation marks omitted), and requires that a plaintiff apply to the court for a default judgment when the claim is not for "a sum certain or one that can be made certain by computation." Fed.R.Civ.P. 55(b). In accordance with Rule 55(b)(2), the Court has closely reviewed the Motion for Default Judgment and determined that a hearing is not necessary in this matter as the judgment sought may be fully considered on the record now before the court.

Plaintiff has presented the Court with a Copy of the "Client Relationship Agreement" detailing the agreement between the parties, which Defendant signed (ECF No. 8-1), as well as Defendant's credit card statement with a balance of $79,766.60, which includes the principal and pre-judgment interest and late fees (ECF No. 8-4). In support of its request for attorney's fees, Plaintiff has submitted affidavits from two of its attorneys listing their hourly rate and the number of hours billed, as well as the hourly rate of their associates and a paralegal who worked on this matter and the number of hours billed. In total, the motion requests that the court grant attorney's fees in the amount of $20,153. The affidavits demonstrate that such amount is reasonable considering the time and labor required, as well as the requisite skill needed to perform the service properly. The issue thus becomes whether this amount is in accordance with state law.

As a federal court sitting in diversity jurisdiction, this Court must apply the law of the state in which it sits, including choice of law rules of the forum state. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). The credit agreement includes a choice of law provision providing that Utah law will govern any dispute between the parties. As North Carolina state courts give effect to such provisions, see Tanglewood Land Co., Inc. v. Byrd, 299 N.C. 260, 262, 261 S.E.2d 655, 656 (1980), the court must look to Utah state law in determining the appropriate amount of attorney's fees to be awarded.

Under Utah law, attorney fees are awarded only if authorized by statute or by contract, and "the [c]alculation of reasonable attorney fees is in the sound discretion of the trial court." Dixie State Bank v. Bracken, 764 P.2d 985, 988 (Utah 1988). And "[w]hat is reasonable depends upon a number of factors, the amount in controversy, the extent of services . . . the novelty and difficulty of the issues involved, the overall result achieved and the necessity of initiating a lawsuit to vindicate the rights under the contract." Id. at 989. Having considered these factors as they apply to this case, the court finds the amount requested in the motion to be reasonable and will accordingly award this amount in the judgment.

## ORDER

**IT IS, THEREOFRE, ORDERED** that Plaintiff's Motion for Default Judgment (#11) is **GRANTED** as follows:

## JUDGMENT BY DEFAULT

**IT IS, THEREFORE, ORDERED ADJUDGED, AND DECREED** that Judgment is entered in favor of Plaintiff in the amount of $79,766.60 for the principal and pre-judgment interest and late fees.

**IT IS FURTHER ORDERED** that Plaintiff be awarded $20,153 in attorney's fees and costs, and $350 for the court's filing fee.

**IT IS FURTHER ORDERED** that post-judgment interest shall accrue on this judgment at the applicable Federal Rate, computed daily and compounded annually until it is paid in full pursuant to 28 U.S.C. § 1961. This action is **DISMISSED.**

Signed: June 24, 2013

Max O. Cogburn Jr.
United States District Judge